# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ASCION, LLC,<br>*d/b/a* REVERIE<br><br>                    Plaintiff,<br><br>    vs.<br><br>TEMPUR SEALY INTERNATIONAL,<br>INC., (*f/k/a* TEMPUR-PEDIC<br>INTERNATIONAL, INC.) AND TEMPUR-<br>PEDIC MANAGEMENT, LLC<br><br>                    Defendants. | Civil Action No: _<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>Demand for Jury Trial |

Plaintiff Ascion, LLC, *d/b/a* Reverie ("Reverie"), complains against Defendants Tempur Sealy International, Inc., *f/k/a* Tempur-Pedic International, Inc. ("Tempur Sealy"), and Tempur-Pedic Management, LLC ("Tempur Management") (collectively, "Tempur-Pedic" or "Defendants") as follows:

## THE PARTIES

1.     Plaintiff Ascion, LLC, *d/b/a* Reverie ("Reverie") is a limited liability corporation organized and existing under the laws of the State of Michigan, with its principal place of business located at 750 Denison Ct., Bloomfield Hills, Michigan 48302.

2.     Reverie is an innovator in bedding technology, particularly adjustable bed technology. Reverie has made significant investments of funds and employee time in research and development and in building its innovative intellectual

- 1 -

property portfolio. Due to its investments and innovative culture, Reverie has been awarded approximately 46 patents in the bedding field, including the patents asserted in this litigation.

3.     Defendant Tempur Sealy is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business located at 1000 Tempur Way, Lexington, Kentucky 40511. Upon information and belief, Tempur Sealy was formerly known as "Tempur-Pedic International, Inc.," until it changed its name in or about 2013 in conjunction with its acquisition of Sealy Corporation.

4.     Defendant Tempur Management is, upon information and belief, a Delaware limited liability corporation with its principal place of business located at 1000 Tempur Way, Lexington, Kentucky 40511. Tempur Management is, upon information and belief, a subsidiary of Tempur Sealy.

## JURISDICTION AND VENUE

5.     This is an action for patent infringement arising under the patent laws of the United States, Title 35 U.S.C. §§ 1 *et seq.* This Court has subject matter jurisdiction over the claims pursuant to 28 U.S.C. §§ 1331, 1332, 1367(a) and 1338(a).

6.     This action also involves allegations of breach of confidentiality agreements under state and common law. This Court has subject matter

ME1 20463437v.5

jurisdiction under 28 U.S.C. § 1332.  The parties are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.  Alternatively, this Court may hear the state and common law claims under the doctrine of supplemental jurisdiction, 28 U.S.C. § 1367(a), because these claims arise from the same core of facts or related facts and circumstances.

7.     Tempur Sealy is a global bedding company with extensive operations in the United States.  Tempur Sealy directly and through its distributors and other intermediaries makes, uses, sells, imports in the United States, and/or imports into the United States, various bedding products, including adjustable beds and foundations, remote controls for adjustable beds, software for touch screen remote controls, and related products, including the products accused of infringement in this case.

8.     Tempur Sealy and Tempur Management have availed themselves of the benefits and privileges of conducting business in the State of Michigan, and the exercise of jurisdiction over them would not offend traditional notions of fair play and substantial justice.  For example, Tempur Sealy markets and sells products in Michigan, including the products accused of patent infringement and products that result from breach of confidentiality agreements with Reverie. Tempur Sealy also operates or does substantial business with "elite" retailers and "authorized" retailers who sell Tempur Sealy bedding products in Michigan, including products

alleged to infringe Reverie's patents. Tempur Sealy and Tempur Management have also entered into contracts with Reverie.

9. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b). Tempur Sealy and Tempur Management have committed, and are continuing to commit, acts of patent infringement and breach of contract in this District; Tempur Sealy maintains regular business operations in this District; and Tempur Sealy is subject to personal jurisdiction in this district.

## REVERIE'S PATENTS

10. This action arises out of Defendants' infringement of seven patents owned by Reverie.

11. On March 25, 2014, United States Patent No. 8,682,457 ("the '457 Patent"), entitled "Wireless Control of an Adjustable Bed," was duly and legally issued by the United States Patent and Trademark Office. The '457 Patent has been duly and legally assigned to Reverie. A true and correct copy of the '457 Patent is attached as Exhibit A.

12. On December 9, 2014, United States Patent No. 8,909,357 ("the '357 Patent"), entitled "System for Tandem Bed Communication," was duly and legally issued by the United States Patent and Trademark Office. The '357 Patent has been duly and legally assigned to Reverie. A true and correct copy of the '357 Patent is attached as Exhibit B.

ME1 20463437v.5

13.    On October 25, 2011, United States Patent No. 8,046,116 ("the '116 Patent"), entitled "Controlling an Adjustable Bed and a Second System With a Modular Controller," was duly and legally issued by the United States Patent and Trademark Office.  The '116 Patent has been duly and legally assigned to Reverie. A true and correct copy of the '116 Patent is attached as Exhibit C.

14.    On October 22, 2013, United States Patent No. 8,565,934 ("the '934 Patent"), entitled "Touch Screen Control of an Adjustable Bed," was duly and legally issued by the United States Patent and Trademark Office.  The '934 Patent has been duly and legally assigned to Reverie.  A true and correct copy of the '934 Patent is attached as Exhibit D.

15.    On June 2, 2015, United States Patent No. 9,044,366 ("the '366 Patent"), entitled "Adjustable Mattress Support Facility," was duly and legally issued by the United States Patent and Trademark Office.  The '366 Patent has been duly and legally assigned to Reverie.  A true and correct copy of the '366 Patent is attached as Exhibit E.

16.    On June 2, 2015, United States Patent No. 8,869,328 ("the '328 Patent"), entitled "System of Two-Way Communication in an Adjustable Bed with Memory," was duly and legally issued by the United States Patent and Trademark Office.  The '328 Patent has been duly and legally assigned to Reverie.  A true and correct copy of the '328 Patent is attached as Exhibit F.

17.     On January 6, 2015, United States Design Patent No. D720,553 ("the D553 Patent"), entitled "Adjustable Bed," was duly and legally issued by the United States Patent and Trademark Office.  The D533 Patent has been duly and legally assigned to Reverie.  A true and correct copy of the D553 Patent is attached as Exhibit G.

18.     Reverie is the owner of the '457, '116, '357, '934, '366, '328, and D553 Patents ("Reverie Patents") with the full and exclusive right to bring suit to enforce the Reverie Patents.

19.     The Reverie Patents are presumed to be valid and enforceable under 35 U.S.C. § 282.

20.     Tempur Sealy and Tempur Management have actual and constructive knowledge of the Reverie Patents.  Reverie marks its products embodying the patented features in accordance with 35 U.S.C. § 287(a), thus giving Defendants constructive notice.  In addition, Reverie gave actual notice to Defendants in communications with Defendants, including but not limited to an email dated June 3, 2015, and a meeting at Tempur Sealy's offices in Kentucky on June 4, 2015.

## REVERIE'S PATENTED PRODUCTS

21.     Reverie manufactures and sells a number of bedding products, including mattresses, foundations, and adjustable beds that embody one or more inventions claimed in Reverie's numerous patents.

ME1 20463437v.5

22.     Among the Reverie products that embody Reverie's patented technology are, for example, the Deluxe, Reverie 3E™, Reverie 5D™, Reverie 7S™, Reverie 8Q™, and the Serta Pivot, as well as several others.  Exemplary patented products are depicted below.



**Reverie-8Q™**

The newly introduced 8Q is our premium adjustable mattress foundation, featuring charcoal gray upholstery, Bluetooth Smart® connectivity, ultra-quiet massage, a nightlight feature, extra neck support, preset and programmable positions, a remote stand that charges devices and unlimited adjustability.

**Reverie-7S™**

The 7S adjustable mattress foundation features style and technology, with charcoal gray upholstery ultra-quiet massage, preset and programmable positions and unlimited adjustability.



**Reverie-5D™**

The 5D adjustable mattress foundation is instant comfort at your fingertips. Upholstered in light gray fabric, the 5D includes pre-set and programmable positions, massage and unlimited adjustability.



**Reverie-3E™**

The economically priced 3E adjustable mattress foundation allows you to raise your head and/or feet to find your most comfortable position.

23.     Reverie's bedding products compete in the marketplace with Tempur Sealy's bedding products, including those products now accused of infringement and especially adjustable bedding products.

## THE ALLEGED PATENT INFRINGEMENT

24.     Defendants design, make, import, use, sell, and/or offer for sale a wide range of bedding products, including adjustable bed products, foundations, remote controls, and adjustable bed software, including but not limited to the TEMPUR-Ergo Premier, TEMPUR-Ergo Grand, Ergo Link, TEMPUR-Ergo Grand Wireless Remote, TEMPUR-Ergo Premier Wireless Remote, TEMPUR-Ergo Smart Control App, TEMPUR-Up Foundation, TEMPUR-Ergo Plus

Adjustable Base, Sealy Reflexion Up Foundation and other adjustable bed products and remote controls that incorporate similar features and functionality.

25.     As alleged herein, Defendants have engaged in actions that directly and indirectly infringe the Reverie Patents.

26.     For one or more of the Reverie Patents, Defendants have directly infringed under 35 U.S.C. § 271(a) by making, using, selling, offering to sell, and/or importing infringing products into the United States.

27.     For one or more of the Reverie Patents, Defendants are actively inducing infringement under 35 U.S.C. § 271(b) by encouraging acts of direct infringement, when Defendants know (or believe there is a high probability, but are taking deliberate steps to avoid knowing) that they are inducing direct infringement.  Defendants' acts of encouragement include but are not limited to (a) making, selling, offering for sale, importing, and/or encouraging the use of Tempur Sealy adjustable beds, and (b) encouraging and/or instructing third parties on how to download and use the TEMPUR-Ergo Smart Control App on touch screen devices operating the Apple iOS and Android operating systems.

28.     For one or more of the Reverie Patents, Defendants have contributorily infringed under 35 U.S.C. § 271(c) by selling or offering to sell within, or importing into, the United States a component of a patented machine, manufacture, combination, or composition, or a material or apparatus for use in

-8-

practicing a patented process, constituting a material part of the claimed invention(s), knowing the same to be specially made or adapted for an infringing use, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

29.    Exemplary claim charts showing infringement by representative products of one or more representative claims of each of the Reverie Patents are attached as Exhibit H.   These claim charts are based on preliminary analysis and may be amended or supplemented after further investigation and discovery in this action.   The claim charts are for notice purposes under Fed. R. Civ. P. 8 and 12.

30.    In addition, as the side-by-side comparison shown below reveals, Defendants have infringed Reverie's patented adjustable bed base design (subject of the D533 Patent) through their manufacture, use, offers to sell, and sale of various products, including the Tempur-Ergo Plus Adjustable Base depicted below.

| __D553 Patent__ | __Tempur-Ergo Plus Adjustable Base__ |
| --- | --- |
|  |  |

31.   As seen in the allegations below, during meetings with Reverie in which the parties were, ostensibly, working toward a joint development relationship or other business relationship, Reverie showed Defendants its innovative products and prototypes under development and told Defendants about its patents and pending patent applications.   Tempur Sealy and Tempur Management learned about Reverie's innovations in adjustable bed technology and, despite entering into strict non-disclosure/confidentiality agreements, used the proprietary and confidential information they had learned from Reverie to introduce competing products based on the patented technology that Reverie developed.

## BREACH OF CONFIDENTIALITY OBLIGATIONS

32.   From about 2006 through about late 2013 or early 2014, Reverie and Tempur Sealy maintained a business relationship.   During this time, Reverie supplied Tempur Sealy with various products, components, parts, and technology. During the course of this business relationship, Tempur-Pedic became aware of Reverie's innovative products, capabilities, confidential information, technical specifications and designs, and burgeoning patent portfolio.

33.   In or around 2005, Martin Rawls-Meehan, Chief Executive Officer of Reverie and inventor of the Reverie Patents, contacted Tempur Sealy about the

possibility of entering a business arrangement under which Reverie would supply components to Tempur Sealy and assist in developing adjustable bed foundations.

34.    In or around 2009, the parties entered into a confidentiality agreement, and Reverie shared with Defendants confidential information under that agreement.   On or around December 14, 2012, Reverie and Tempur Sealy entered into a second confidentiality agreement, entitled "Mutual Confidential Disclosure Agreement" ("2012 MCDA").  The 2012 MCDA obliges the parties to not use or disclose confidential information, including proprietary inventions and designs, proprietary technical data, patent applications, know-how, technical and engineering data, drawings, schematics, blueprints and trade secrets.  Furthermore, the 2012 MCDA prohibited the parties from copying, reproducing, reverse engineering, or designing around products and confidential information disclosed during the relationship.   A true and correct copy of the 2012 MCDA is attached as Exhibit I.

35.    Also, on or around December 14, 2012, Reverie and Tempur Sealy's Tempur Management subsidiary entered into a Letter of Intent ("LOI") related to Reverie's manufacturing and supplying to Tempur Sealy new adjustable foundations.  The LOI stated that the parties' obligations under the 2012 Mutual Confidentiality Agreement would survive following the conclusion of negotiations between the parties.

36.     During the course of the relationship with Tempur Sealy, and under the confidentiality agreements, Mr. Rawls-Meehan and other Reverie employees discussed with Tempur Sealy confidential information related to designs, concepts, manufacturing details, and costs associated with adjustable bed technology.  For example, Mr. Rawls-Meehan discussed with Tempur Sealy a new product concept for a "head-up only" foundation. Mr. Rawls-Meehan offered that Reverie would manufacture and supply said product to Tempur Sealy.

37.     Reverie also discussed with Defendants other new product concepts for various adjustable bed related technologies, including, for example, wireless remote controls, touchscreen remote controls, and smartphone application remote controls.  Indeed, Reverie shared with Tempur Sealy confidential presentations showing touch screen applications (*e.g*., for use with Apple iPhones, iPads, iPods, Android mobile devices, and similar equipment) for controlling adjustable beds, and Tempur Sealy later introduced such products.  The communications included manufacturing details and schematics for such products.  Mr. Rawls-Meehan offered that Reverie would manufacture and supply such products and/or software to Tempur Sealy.

38.     Reverie also shared proprietary designs and schematics for adjustable bed foundations, cost and supplier information, and other confidential business and technical information that gave Defendants a competitive advantage.

ME1 20463437v.5

39.    As one example, Reverie shared with Tempur Sealy and Tempur Management in late 2012 or early 2013, under the confidentiality obligations of the parties' agreements, design schematics and 3-D models for a new "lift arm" for use in adjustable bed foundations.   Reverie offered to manufacture the component for Tempur Sealy.   Tempur Sealy did not accept the offer, but now includes a lift arm of the same design in its products.

40.    In late 2013 or early 2014, Tempur Sealy terminated its business relationship with Reverie.

41.    On information and belief, Defendants improperly reverse engineered and/or copied product concepts, designs, schematics, and other confidential information that Reverie disclosed in connection with the confidentiality agreements.  On information and belief, Defendants make, use, offer for sale, and sell products that copy or are made according to Reverie's products, product concepts, and/or confidential designs and processes.

42.    On information and belief, Tempur Sealy improperly disclosed Reverie's confidential information to its suppliers in violation of the confidentiality agreements.  On information and belief, Tempur Sealy's suppliers used Reverie's confidential information to manufacture components, bed foundations, and the like for Tempur Sealy.

## COUNT ONE
## Infringement of the '457 Patent

43.     Plaintiff repeats and re-alleges the allegations of paragraphs 1-42 above as if fully set forth herein.

44.     Defendants have infringed and continue to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '457 Patent, including but not limited to representative Claim 20 (as exemplified in the attached preliminary claim chart), directly and/or indirectly, in violation of 35 U.S.C. § 271, by making, using, selling, offering to sell and/or importing adjustable bed products—including but not limited to the Tempur Ergo Premier and Tempur-Ergo Grand—in the United States (and/or by contributing to and/or inducing these acts).

45.     Defendants have actual and constructive notice of the '457 Patent at least by virtue of communications between Defendants and Reverie and because Reverie has marked its products in accordance with 35 U.S.C. § 287(a).

46.     On information and belief, Reverie alleges that Defendants' infringement of the '457 Patent has been and continues to be intentional and willful.   As alleged above, Reverie disclosed its patents and technology to Defendants under confidentiality obligations but Defendants misappropriated the technology and their knowledge of Reverie's patents to compete with Reverie.   At the very least, and upon information and belief, Defendants introduced its

ME1 20463437v.5

competing products with reckless indifference as to whether the products infringed Reverie's patents.

47.     Reverie has sustained damages as a direct and proximate result of Defendants' infringement of the '457 Patent.

48.     Reverie will suffer and is suffering irreparable harm from Defendants' infringement of the '457 Patent.  Reverie has no adequate remedy at law and is entitled to an injunction against Defendants' continuing infringement of the '457 Patent.  Unless enjoined, Defendants will continue their infringement.

## COUNT TWO
## Infringement of the '357 Patent

49.     Plaintiff repeats and re-alleges the allegations of paragraphs 1-48 above as if fully set forth herein.

50.     Defendants have infringed and continue to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '357 Patent, including but not limited to representative Claim 14 (as exemplified in the attached preliminary claim chart), directly and/or indirectly, in violation of 35 U.S.C. § 271, by making, using, selling, offering to sell and/or importing adjustable bed products—including but not limited to the Tempur Ergo Premier and Tempur-Ergo Grand—in the United States (and/or by contributing to and/or inducing these acts).

ME1 20463437v.5

51.     Defendants have actual and constructive notice of the '357 Patent at least by virtue of communications between Defendants and Reverie and because Reverie has marked its products in accordance with 35 U.S.C. § 287(a).

52.     On information and belief, Reverie alleges that Defendants' infringement of the '357 Patent has been and continues to be intentional and willful.

53.     Reverie has sustained damages as a direct and proximate result of Defendants' infringement of the '357 Patent.

54.     Reverie will suffer and is suffering irreparable harm from Defendants' infringement of the '357 Patent.  Reverie has no adequate remedy at law and is entitled to an injunction against Defendants' continuing infringement of the '357 Patent.  Unless enjoined, Defendants will continue their infringement.

## COUNT THREE
## Infringement of the '116 Patent

55.     Plaintiff repeats and re-alleges the allegations of paragraphs 1-54 above as if fully set forth herein.

56.     Defendants have infringed and continues to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '116 Patent, including but not limited to representative Claim 33 (as exemplified in the attached preliminary claim chart), directly and/or indirectly, in violation of 35 U.S.C. § 271, by making, using, selling, offering to sell and/or importing adjustable bed

products—including but not limited to the Tempur Ergo Premier and Tempur-Ergo Grand—in the United States (and/or by contributing to and/or inducing these acts).

57.   Defendants have actual and constructive notice of the '116 Patent at least by virtue of communications between Defendants and Reverie and because Reverie has marked its products in accordance with 35 U.S.C. § 287(a).

58.   On information and belief, Reverie alleges that Defendants' infringement of the '116 Patent has been and continues to be intentional and willful.

59.   Reverie has sustained damages as a direct and proximate result of Defendants' infringement of the '116 Patent.

60.   Reverie will suffer and is suffering irreparable harm from Defendants' infringement of the '116 Patent.  Reverie has no adequate remedy at law and is entitled to an injunction against Defendants' continuing infringement of the '116 Patent.  Unless enjoined, Defendants will continue their infringement.

## COUNT FOUR
## Infringement of the '934 Patent

61.   Plaintiff repeats and re-alleges the allegations of paragraphs 1-60 above as if fully set forth herein.

62.   Defendants have infringed and continues to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '934 Patent, including but not limited to representative Claim 1 (as exemplified in the attached

ME1 20463437v.5

preliminary claim chart), directly and/or indirectly, in violation of 35 U.S.C. § 271, by making, using, selling, offering to sell and/or importing adjustable bed products—including but not limited to the Tempur Ergo Premier and Tempur-Ergo Grand—in the United States (and/or by contributing to and/or inducing these acts).

63.    Defendants have actual and constructive notice of the '934 Patent at least by virtue of communications between Defendants and Reverie and because Reverie has marked its products in accordance with 35 U.S.C. § 287(a).

64.    On information and belief, Defendants' actions as alleged herein have actively induced and/or are continuing to actively induce infringement of the '934 Patent by encouraging acts of direct infringement, and Defendants know (or believe there is a high probability, but are taking deliberate steps to avoid knowing) that they are inducing direct infringement by (a) making, using, selling, offering to sell and/or importing adjustable bed products—including but not limited to the Tempur Ergo Premier and Tempur-Ergo Grand and  (b) selling, supplying, encouraging, supporting, providing for download, and instructing users on how to install and use the Tempur-Ergo Smart Control App for use on Apple iOS and Android touch screen devices, with the intent that these products be used by such third party users and entities to infringe the '934 Patent.

65.    For example, Defendants' product literature for the Tempur-Ergo Premier and Tempur-Ergo Grand products, including the product manuals,

encourages and instructs Tempur Sealy's users on how to download and configure the Tempur-Ergo Smart Control App for use on touch screen devices.  Defendants are therefore aware that their customers and other third parties are infringing the '934 Patent.

66.    On information and belief, Reverie alleges that Defendants' infringement of the '934 Patent has been and continues to be intentional and willful.

67.    Reverie has sustained damages as a direct and proximate result of Defendants' infringement of the '934 Patent.

68.    Reverie will suffer and is suffering irreparable harm from Defendants' infringement of the '934 Patent.  Reverie has no adequate remedy at law and is entitled to an injunction against Defendants' continuing infringement of the '934 Patent.  Unless enjoined, Defendants will continue their infringement.

## COUNT FIVE
### Infringement of the '366 Patent

69.    Plaintiff repeats and re-alleges the allegations of paragraphs 1-68 above as if fully set forth herein.

70.    Defendants have infringed and continue to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '366 Patent, including but not limited to representative Claim 14 (as exemplified in the attached preliminary claim chart), directly and/or indirectly, in violation of 35 U.S.C. § 271,

by making, using, selling, offering to sell and/or importing adjustable bed products—including but not limited to the Tempur Up Foundation and Sealy Reflexion Up Foundation—in the United States (and/or by contributing to and/or inducing these acts).

71.   Defendants have actual and constructive notice of the '366 Patent at least by virtue of communications between Defendants and Reverie and because Reverie has marked its products in accordance with 35 U.S.C. § 287(a).

72.   On information and belief, Reverie alleges that Defendants' infringement of the '366 Patent has been and continues to be intentional and willful.

73.   Reverie has sustained damages as a direct and proximate result of Defendants' infringement of the '366 Patent.

74.   Reverie will suffer and is suffering irreparable harm from Defendants' infringement of the '366 Patent.  Reverie has no adequate remedy at law and is entitled to an injunction against Defendants' continuing infringement of the '366 Patent.  Unless enjoined, Defendants will continue their infringement.

## COUNT SIX
## Infringement of the '328 Patent

75.   Plaintiff repeats and re-alleges the allegations of paragraphs 1-74 above as if fully set forth herein.

76.     Defendants have infringed and continues to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '328 Patent, including but not limited to representative Claim 1 (as exemplified in the attached preliminary claim chart), directly and/or indirectly, in violation of 35 U.S.C. § 271, by making, using, selling, offering to sell and/or importing adjustable bed products—including but not limited to the Tempur Ergo Premier and Tempur-Ergo Grand—in the United States (and/or by contributing to and/or inducing these acts).

77.     Defendants have actual and constructive notice of the '328 Patent at least by virtue of communications between Defendants and Reverie and because Reverie has marked its products in accordance with 35 U.S.C. § 287(a).

78.     On information and belief, Defendants' actions as alleged herein have actively induced and/or are continuing to actively induce infringement of the '328 Patent by encouraging acts of direct infringement, and Defendants know (or believe there is a high probability, but are taking deliberate steps to avoid knowing) that they are inducing direct infringement by (a) making, using, selling, offering to sell and/or importing adjustable bed products—including but not limited to the Tempur Ergo Premier and Tempur-Ergo Grand and  (b) selling, supplying, encouraging, supporting, providing for download, and instructing users on how to install and use the Tempur-Ergo Smart Control App for use on Apple

iOS and Android touch screen devices, with the intent that these products be used by such third party users and entities to infringe the '328 Patent.

79.    For example, Defendants' product literature for the Tempur-Ergo Premier and Tempur-Ergo Grand products, including the product manuals, encourages and instructs Tempur Sealy's users on how to download and configure the Tempur-Ergo Smart Control App for use on touch screen devices. Defendants are therefore aware that their customers and other third parties are infringing the '328 Patent.

80.    On information and belief, Reverie alleges that Defendants' infringement of the '328 Patent has been and continues to be intentional and willful.

81.    Reverie has sustained damages as a direct and proximate result of Defendants' infringement of the '328 Patent.

82.    Reverie will suffer and is suffering irreparable harm from Defendants' infringement of the '328 Patent. Reverie has no adequate remedy at law and is entitled to an injunction against Defendants' continuing infringement of the '328 Patent. Unless enjoined, Defendants will continue their infringement.

## COUNT SEVEN
## Infringement of the D553 Patent

83.    Plaintiff repeats and re-alleges the allegations of paragraphs 1-82 above as if fully set forth herein.

ME1 20463437v.5

84.    Defendants have infringed and continue to infringe, literally and/or under the doctrine of equivalents, the claim of the D553 Patent, directly and/or indirectly, in violation of 35 U.S.C. § 271, by making, using, selling, offering to sell and/or importing adjustable bed products—including but not limited to the Tempur-Ergo Plus Adjustable Base—in the United States (and/or by contributing to and/or inducing these acts).

85.    Defendants have actual and constructive notice of the D553 Patent at least by virtue of communications between Defendants and Reverie and because Reverie has marked its products in accordance with 35 U.S.C. § 287(a).

86.    On information and belief, Reverie alleges that Defendants' infringement of the D553 Patent has been and continues to be intentional and willful.

87.    Reverie has sustained damages as a direct and proximate result of Defendants' infringement of the D553 Patent.

88.    Reverie will suffer and is suffering irreparable harm from Defendants' infringement of the D553 Patent.  Reverie has no adequate remedy at law and is entitled to an injunction against Defendants' continuing infringement of the D553 Patent.  Unless enjoined, Defendants will continue their infringement.

## COUNT EIGHT
## Breach of Confidentiality Agreements

89.     Plaintiff repeats and re-alleges the allegations of paragraphs 1-88 above as if fully set forth herein.

90.     Pursuant to the terms of the 2009 and 2012 confidentiality agreements referenced above, Reverie provided Tempur Sealy with confidential information, including technical specifications, product designs, manufacturing and cost information, and product concepts regarding Reverie's adjustable bed technology, including, for example, foundations, software, remote controls, and components.

91.     Pursuant to the terms of the confidentiality agreements, Tempur Sealy was required to hold Reverie's confidential information in confidence, not to use it, or disclose it.  For example, the 2012 MCDA prohibited the parties from copying, reproducing, reverse engineering, or designing around products and confidential information disclosed following the agreement.

92.     Under the LOI, the same terms of the 2012 MCDA were applied to Tempur Management.

93.     Reverie met all of its obligations under the agreements.

94.     Defendants, in breach of the agreements, used the information provided by Reverie for their own benefit for purposes directly prohibited by the terms of the agreements.  Specifically, Defendants used Reverie's confidential information to create their own products nearly identical to Reverie's, including,

-24-

for example, remote controls, remote control applications and software, controllers, and adjustable bed foundations.

## DAMAGES

95.    Reverie has suffered, is suffering, and unless restrained by the Court, will continue to suffer injury to its business and property rights as a result of Tempur Sealy's patent infringement, for which it is entitled to damages pursuant to 35 U.S.C. §§ 284-285, 289  in an amount to be proven at trial.

96.    Reverie has suffered, is suffering, and unless restrained by the Court, will continue to suffer injury to its business and property rights as a result of Tempur Sealy's breach of contract, for which it is entitled to damages.

## INJUNCTION

97.    Reverie has suffered, is suffering, and unless restrained by the Court, will continue to suffer irreparable harm for which there is no adequate remedy at law, as a result of Tempur Sealy's patent infringement, for which it is entitled to permanent injunctive relief pursuant to 35 U.S.C. § 283.

98.    Likewise, Reverie has suffered, is suffering, and unless restrained by the Court, will continue to suffer irreparable harm for which there is no adequate remedy at law, as a result of Tempur Sealy's breach of contract, for which it is entitled to permanent injunctive relief.

ME1 20463437v.5

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Reverie requests that the Court enter judgment in its favor and against Defendants as follows:

    a.    Declare that Defendants have infringed one or more claims of the Reverie Patents;

    b.    Enter preliminary and permanent injunctions prohibiting Tempur Sealy, its subsidiaries, segments, divisions, agents, employees, and all parties who are in privity with Tempur Sealy and/or any of the foregoing from infringing, contributing to the infringement of, and/or inducing infringement of one or more of the Reverie Patents in Suit, and for all further proper injunctive relief;

    c.    Award to Reverie damages, including treble damages based on any finding of willfulness, for Defendants' infringement, with pre-judgment and post-judgment interest pursuant to 35 U.S.C. §§ 284-285;

    d.    Award to Reverie Defendants' total profit for design patent infringement pursuant to 35 U.S.C. § 289;

    e.    Find this an exceptional case and award fees under 35 U.S.C. § 285;

    f.    Award to Reverie damages for Defendants' breach of the confidentiality agreements, and;

    g.    Grant any and all such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and Local Rule 9.1, Plaintiff Reverie demands a trial by jury on all issues so triable.

ME1 20463437v.5

**MANTESE HONIGMAN, P.C.**
*Attorneys for Plaintiff*,
ASCION, LLC


By: ___s/David Honigman_____
DAVE HONIGMAN (Mich. P33146)
dhonigman@manteselaw.com
KRISTA M. HOSMER (Mich. P68939)
khosmer@manteselaw.com
MANTESE HONIGMAN, P.C.
1361 E. Big Beaver Rd.
Troy, MI  48083
Telephone 248.457.9200
Facsimile 248.457.9201

ERIK PAUL BELT (Mass. BBO #558620)
ebelt@mccarter.com
BRIAN J. LARIVEE (Mass. BBO #673928)
blarivee@mccarter.com
*applications for admission forthcoming*
MCCARTER & ENGLISH, LLP
265 Franklin Street
Boston, MA  02110-3113
Telephone 617.449.6500
Facsimile 617.607.9200
*Attorneys for Plaintiff*,
ASCION, LLC, d/b/a Reverie


Date: June 5, 2015