UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| ASCION, LLC, *d/b/a* Reverie, ) | |
| ) | |
| Plaintiff, ) | Civil No. 5:17-403-JMH |
| ) | |
| V. ) | |
| ) | |
| TEMPUR SEALY INT'L, INC., ) | **OPINION and ORDER** |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

This matter is before the Court on the Plaintiff's Motion for Leave to Supplement the Complaint. (DE 129). This matter has been fully briefed (*see* DE 130, 131) and the Court held a motion hearing on September 22, 2021. For the reasons that follow, the Plaintiff's Motion is denied.

Plaintiff Ascion, LLC (*d/b/a* "Reverie") initiated this lawsuit against Defendants Tempur Pedic International, LLC and Tempur Pedic Management, LLC (jointly "Tempur") on June 5, 2015 in the United States District Court for the Eastern District of Michigan. It was transferred to this Court on October 16, 2017. (DE 88, 89). Reverie's Complaint asserts seven (7) patent infringement claims and one (1) claim for breach of confidentiality agreements pursuant to state law. (*See generally* DE 1). In response, Tempur has asserted fourteen (14) counterclaims – half of which address the non-infringement of Reverie's seven patents,

and the other half of which address invalidity and/or unenforceability contentions. (*See generally* DE 31).

In its Motion, Reverie requests leave of Court to supplement its complaint to add one new count for patent infringement. This new count is based on Reverie's U.S. Pat. No 9,451,833 ("the '833 Patent"), which issued in late September 2016, but whose alleged infringement was not discovered until sometime in the spring or summer of 2019 (*see* DE 129-1 at 4; DE 131 at 2).

In a case where a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). The determination of when "justice so requires" is "left to the sound discretion of the trial judge." *Robinson v. Michigan Consol. Gas Co. Inc.*, 918 F.2d 579, 591 (6th Cir. 1990). A number of factors inform this Court's exercise of discretion: (1) the moving party's "[u]ndue delay in filing [its motion for leave]," (2) "lack of notice to the opposing party," (3) "bad faith by the moving party," (4) "repeated failure to cure deficiencies by previous amendments," (5) "undue prejudice to the opposing party," and (6) "futility of amendment." *Robinson*, 918 F.2d at 591; *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In their briefs, the parties focus their attention to just a few of these factors; most notably, (1) undue delay, (5) undue

prejudice, and (6) futility. Upon review, while the Court finds that the named factors are instructive and certainly at play in this case — at least to some degree — the Court concludes that the last factor, futility, is the most telling.

At the motion hearing, the Court was informed that Reverie's '833 patent was found to be invalid for lack of an adequate written description in a separate federal lawsuit, and has since been dismissed. *See Ascion, LLC v. Ashley Furniture Indus., Inc.*, No. 19-cv-856-jdp, 2021 WL 964884, at *4-6 (W.D. Wis. Mar. 15, 2021). The parties further advised that this case is now pending before the United States Court of Appeals for the Seventh Circuit.

A district court may deny a plaintiff leave to amend his complaint when the proposed amendment would be futile. *See, e.g., Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003) (citing *Foman*, 371 U.S. at 178). An amendment is deemed futile when it would not withstand a Rule 12(b)(6) motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420-21 (6th Cir. 2000). Consequently, having learned that the '833 patent has found no success on the invalidity merits in a separate, federal district court, the Court finds that supplementing the complaint to add this new patent infringement claim would simply be futile.

Accordingly, IT IS HEREBY ORDERED as follows:

(1) Plaintiff Ascion, LLC's Motion for Leave to Supplement the Complaint **(DE 129)** is DENIED.

(2) No later than **September 24, 2021,** the parties SHALL file a Joint Stipulation, outlining the amount of time necessary to complete all relevant tasks and remaining deadlines.

This the 23rd day of September, 2021.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge