UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| ASCION, LLC, d/b/a REVERIE, | CASE NO. 5:17-CV-403-KKC |
| **Plaintiff,** | |
| V. | OPINION AND ORDER |
| TEMPUR SEALY INTERNATIONAL, INC., f/k/a TEMPUR-PEDIC, et al., | |
| **Defendants.** | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the plaintiff's motions to compel access to source code (DEs 174, 300) and hearing. (DE 311.) For the following reasons, the Court will deny both motions.

I.      Background

This action was filed back in 2015. Ascion, LLC d/b/a Reverie ("Reverie") alleges that Tempur Sealy International, Inc., f/k/a Tempur-Pedic ("Tempur") has infringed patents relating to controllers for their adjustable beds. On November 3, 2016, Tempur informed Reverie that LOGICDATA GmbH possessed and owned the relevant source code of the accused products. (DE 302 at 2.) Five years later, and six months before the Court ordered that fact discovery conclude, in January 2022, Reverie made its first attempt to gain access to the relevant source code.

Reverie, however, subpoenaed the wrong entity to produce the source code. It subpoenaed LOGICDATA North America ("LDNA"), a subsidiary of LOGICDATA GmbH that did not have possession or ownership of the requested source code. Nevertheless, LDNA worked to comply with the subpoena and eventually was able to gain access to the source code from its parent company. It informed both Reverie and Tempur that the source

code would be available for review between March 17, 2022 and March 31, 2022, the deadline for fact discovery. Tempur's expert managed to review the source code during this time, but Reverie's expert did not.

Reverie asserts that its previously retained expert was unavailable to review the source code during the March 17 to March 31 period. It was further unable to employ the services of another expert until April 4, 2022. (DE 300-2 at 5.) The following day, it moved the Court to grant a limited extension of time to conduct fact discovery, but, for whatever reason, failed to specify its need to review the source code. (*See generally* DE 158.) The Court granted this request subject to some limitations. (DE 162.)

Reverie, despite employing a new expert to review the source code in early April, did not disclose his identity to LDNA pursuant to the agreed protective order until April 21, 2022. The protective order governing conduct during fact discovery entitles the producing party's attorney to a clearance period of seven business days to file objections to an expert receiving access to the relevant source code. This meant that LDNA had until May 2, 2022 to file any objections to Reverie's newly employed expert. While LDNA's counsel ultimately had no objections to Reverie's expert, it declined to grant access to the source code in part because the deadline for extended fact discovery had passed when the clearance period ended. Reverie then "communicated to both [LDNA] and Tempur its intention to move to compel review of the source code[.]"[1]

## II.    Analysis

Reverie argues that the Court should compel access to the source code and grant

---

[1] As of this date, Reverie has not filed a motion to compel access to the relevant source code in the record. Instead, it directs the Court to a joint statement of positions (DE 174), which was intended to resolve whether a motion to amend the scheduling order or a motion to compel was most appropriate in these circumstances. For the purposes of this opinion, the Court will construe Reverie's memorandum (DE 300) and previous arguments as a motion to compel access to the source code.

additional time for review because: (1) the source code is relevant; (2) Reverie was diligent in seeking access to the source code; (3) granting the request would not result in prejudice; and (4) Reverie was entitled to review the source code during the expert discovery period. (DE 300.) Neither party argues that the source code is irrelevant to the underlying claims. Tempur, however, argues that the Court should deny Reverie's requests because: (1) Reverie was not diligent in seeking access to the source code; (2) granting access to the source code would result in prejudice to Tempur; and (3) Reverie was not entitled to review the source code during the expert discovery period. (DE 302.)

Functionally, Reverie seeks to modify the previous scheduling order (DE 147) and reopen fact and expert discovery to review the source code. "A scheduling order maintains orderly proceedings and is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded . . . without peril." *Century Indemnity Co. v. Begley Co.*, 323 F.R.D. 237, 240 (E.D. Ky. Jan. 3, 2018). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "In order to demonstrate good cause, the [movant] must show that the original deadline could not reasonably have been met despite due diligence and that the opposing party will not suffer prejudice by virtue of the amendment." *Ross v. Am. Red Cross*, 567 Fed.Appx. 296, 306 (6th Cir. 2014).

A.      **Diligence Regarding Access to Source Code**

The Court finds that Reverie was not diligent in seeking access to the source code and meeting the scheduling order's deadlines. Reverie has known about the source code since 2016 at the latest. (DE 302 at 6–7.) It did not attempt to subpoena the source code until January 2022, and then it subpoenaed the wrong entity. Because Reverie failed to subpoena the correct entity, LDNA was forced to seek access to the source code from its parent company, which is headquartered in Austria. Reverie's argument that LDNA

3

"dragged its feet on producing the code" is rather disingenuous given that it subpoenaed an entity that did not possess or own the relevant source code in the first place. (DE 300 at 3.)

Nevertheless, even if the Court gives Reverie the benefit of the doubt and looks only to the extended April 30, 2022 fact discovery deadline, Reverie was still not diligent seeking access to the source code. Reverie asserts that it was not able to hire a suitable expert until April 4, 2022, but it did not disclose the expert to the producing party—in this case, LDNA—until April 21, 2022. Under the express terms of the protective order that *Reverie itself agreed to*, producing parties have seven business days to file objections to any experts who will access and review the source code. (DE 44 at 15.) Accordingly, as of April 21, 2022, LNDA was entitled to have seven business days to file any objections. That LNDA ultimately did not file objections is irrelevant; it had those seven business days to investigate Reverie's expert and make an informed decision.

In its memorandum, Reverie states that "[LDNA] refused to consider Reverie's request to expedite the clearance period under the protective order until the time for objection to the expert under the protective order had expired, which was after April 30, the close of discovery." (DE 300 at 4.) Such a claim is misleading. LDNA was under no obligation to entertain Reverie's alleged request to expedite the clearance period. There is no mention of an expedited clearance process in the protective order at all. It is not LDNA's fault that Reverie did not disclose its expert until days before the already-extended discovery period ended. Further, LDNA cannot be faulted for utilizing the rights *that Reverie agreed to give them* under the protective order. As a result, the Court cannot find that Reverie was diligent in seeking access to the source code and meeting the scheduling order deadlines.

B.      **Prejudice to Tempur**

Reverie argues that it should be allowed access to the source code because the only prejudice in this case has been to itself. (DE 300 at 10.) It argues that there is no prejudice at all to LNDA because it has already "collected, produced, and made the code available for review[.]" (*Id.*) It further argues that the only real prejudice to Tempur would be "the loss of the advantage it gained when it convinced its partner, [LNDA], to refuse Reverie access to the source code." (*Id.*)

The Court will be clear: Reverie has provided zero evidence to support its numerous accusations of bad faith and conspiracy between LNDA and Tempur to deny it access to the source code. The only fact that Reverie appears to hang its hat on is that LNDA and Tempur do some business with each other. And Reverie would have this be enough to convince the Court of misdeeds undertaken between the defendant and non-party. The Court declines to entertain such a claim without more support.

Further, reopening discovery and granting Reverie access to the source code would clearly prejudice the defendant. It would, as Tempur asserts, result in it having to "re-do" a substantial amount of pretrial preparation, depositions, and dispositive motion arguments. This would result in "several hundreds of thousands of additional dollars in attorney's and experts' fees" by the time this action concludes. (DE 302 at 12–13.) Given that the Court has found that Reverie was not diligent in seeking access to the source code, it further finds that the prejudice against the defendant outweighs the need to reopen fact discovery.

C.    **Review During Expert Discovery Period**

Finally, Reverie argues that it was entitled to access the source code during the expert discovery period. (DE 300 at 8.) In support of its argument, Reverie cites a handful of out-of-circuit cases, the majority of which are unreported. *See TQ Delta, LLC v. 2Wire, Inc.*, No. CV 13-1835-RGA, 2019 WL 1529952, at *2 (D. Del. Apr. 9, 2019); *Mfg. Automation &*

*Software Sys., Inc. v. Kristopher Hughes*, No. 136 at 5-6, Civ 2:16-cv-08962- CAS-KS (C.D. Cal. March 5, 2018); *Dynamic Microprocessor Assocs. v. EKD Comput. Sales*, 919 F. Supp. 101, 105-06 (E.D.N.Y. 1996); *Juniper Networks, Inc. v. Bahattab*, No. CV 07-1771 (PLF)(AK), 2008 WL 11403235, at *3 (D.D.C. Nov. 12, 2008). As Tempur notes in its response, none of these cases are applicable to the current action.

These cases involve instances where: (1) the source code was made unavailable during fact discovery, as in *Manufacturing Automation*; (2) the party seeking access had already accessed the source code during fact discovery, as in *TQ Delta, LLC*; and (3) the party seeking access had been granted leave **before** the end of fact discovery to pursue access to the source code, as in *Dynamic Microprocessor*. Tempur correctly points out that *Juniper Networks* did not involve a motion to reopen discovery at all, but instead concerned "the appropriateness of provisions in the parties' Protective Order[.]" (DE 302 at 12.) Here, Reverie was not diligent in seeking access to the source code, as explained above, and caused the deadline to expire by disclosing its new expert too late in the process.

Further, Reverie's underlying argument is incorrect. The review and production of source code is the subject of fact discovery, not expert discovery. *Beacon Navigation GmbH v. Bayerische Motoren Werke AG*, No. 2:13-cv-11410-MAG-EAS, 2023 WL 8981689, *4 (E.D. Mich. Dec. 28, 2023) (citing *Finjan, LLC v. Qualys Inc.*, No. 18-cv-07229-YGR(TSH), 2020 WL 6581836, *1 (N.D. Cali. Nov. 10, 2020) ("The plain language of Rule 26 makes clear that expert discovery means discovery *of* the expert, not *by* the expert.")). Accordingly, there is no justification at present to grant Reverie's motion to compel access to the source code and reopen discovery in this action.

### III.   Conclusion

Accordingly, the Court hereby ORDERS that:

1) Reverie's motion to compel access to source code (DEs 174, 300) is DENIED;

2) Reverie's motion for hearing (DE 311) is DENIED; and

3) The parties SHALL FILE any dispositive motions and/or *Daubert* motions within thirty (30) days of the entry of this order. Further, the parties may file responses and replies to these motions in accordance with the Local Rules.

This 29th day of April, 2024.

*Karen K. Caldwell*

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY